UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

Camilo Holguin, and Astrid Coello, *on behalf of themselves and others similarly situated in the proposed FLSA Collective Action,*

                            *Plaintiffs*,

    - against -

Quality Furniture NY LLC, Bargain House by Quality Furniture Inc., Bargain House by Quality Furniture NY Inc., and Issa Nasrallah,

                            *Defendants*.

---------------------------------------------------------------X

Case No.:

**Jury Trial Demanded**

**COMPLAINT**

      Plaintiffs Camilo Holguin ("Holguin"), and Astrid Coello ("Coello", and together with Holguin, the "Plaintiffs"), on behalf of themselves and others similarly situated, by and through their attorneys, Levin-Epstein & Associates, P.C., upon personal knowledge as to themselves and upon information and belief as to others, bring this complaint against Defendants Quality Furniture NY LLC, Bargain House by Quality Furniture Inc., Bargain House by Quality Furniture NY Inc. (collectively, the "Corporate Defendants"), and Issa Nasrallah (the "Individual Defendant", and with the Corporate Defendants, the "Defendants") and state as follows:

## NATURE OF THE ACTION

      1.    Plaintiffs bring this lawsuit seeking recovery, for themselves and all other similarly situated individuals, against Defendants' violations of the FLSA, and violations of Articles 6 and 19 of the NYLL and their supporting New York State Department of Labor regulations.

      2.    Plaintiffs seek injunctive and declaratory relief and to recover unpaid minimum wages, overtime wages, liquidated and statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, NYLL, and the NYLL's Wage Theft Prevention

1

Act ("WTPA").

3. Plaintiffs further seek recovery against Defendants, for New York state law claims sounding in breach of contract, arising out of Defendants' failure to pay sales commissions for nearly three (3) months.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367(a).

5. This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because their claims arise under the FLSA.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c), because all events relevant to this action occurred in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

**PLAINTIFF CAMILO HOLGUIN**

7. Plaintiff Holguin was employed as a sales representative and general worker at "Bargain House by Quality Furniture" located at: (i) 381 N. Central Ave., White Plains, NY 10606 ("Bargain House – Westchester"); (ii) 110 Rockland Plaza, Space 13A, Clarkstown, NY 10954 ("Bargain House – Rockland Plaza") from on or around June 2021 to, through and including, June 2022.

8. Plaintiff Holguin was employed as a non-managerial employee at "Bargain House by Quality Furniture" from on or around June 2021 to, through and including, June 2022.

9. At all relevant times, Plaintiff Holguin has been an employee within the meaning

of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**PLAINTIFF ASTRID COELLO**

10. Plaintiff Coello was employed as a sales representative and general worker at "Bargain House by Quality Furniture" located at: (i) 381 N. Central Ave., White Plains, NY 10606 ("Bargain House – Westchester"); (ii) 110 Rockland Plaza, Space 13A, Clarkstown, NY 10954 ("Bargain House – Rockland Plaza") from on or around January 2022 to, through and including, June 2022.

11. Plaintiff Coello was employed as a non-managerial employee at "Bargain House by Quality Furniture" from on or around January 2022 to, through and including, June 2022.

12. At all relevant times, Plaintiff Coello has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

**DEFENDANT QUALITY FURNITURE NY LLC**

13. Upon information and belief, Defendant Quality Furniture NY LLC is a domestic limited liability company organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at: (i) 381 N. Central Ave., White Plains, NY 10606, and alternate addresses at: (ii) 110 Rockland Plaza, Space 13A, Clarkstown, NY 10954; and (iii) 14 Smart Ave., Apt. 3, Yonkers, NY 10704.

14. At all times relevant to this Complaint, Defendant Quality Furniture NY LLC: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

15. At all times relevant to this Complaint, Defendant Quality Furniture NY LLC was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

16. At all times relevant to this Complaint, Defendant Quality Furniture NY LLC was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

## DEFENDANT BARGAIN HOUSE BY QUALITY FURNITURE INC.

17. Upon information and belief, Defendant Bargain House by Quality Furniture Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at: (i) 381 N. Central Ave., White Plains, NY 10606, and alternate addresses at: (ii) 110 Rockland Plaza, Space 13A, Clarkstown, NY 10954; and (iii) 14 Smart Ave., Apt. 3, Yonkers, NY 10704.

18. At all times relevant to this Complaint, Defendant Bargain House by Quality Furniture Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

19. At all times relevant to this Complaint, Defendant Bargain House by Quality Furniture Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

20. At all times relevant to this Complaint, Defendant Bargain House by Quality Furniture Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT BARGAIN HOUSE BY QUALITY FURNITURE NY INC.**

21. Upon information and belief, Defendant Bargain House by Quality Furniture NY Inc. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at: (i) 381 N. Central Ave., White Plains, NY 10606, and alternate addresses at: (ii) 110 Rockland Plaza, Space 13A, Clarkstown, NY 10954; and (iii) 14 Smart Ave., Apt. 3, Yonkers, NY 10704.

22. At all times relevant to this Complaint, Defendant Bargain House by Quality Furniture NY Inc.: (i) has had and continues to have employees engaged in commerce or in the production of goods and services for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (ii) has had and continues to have an annual gross volume of sales of not less than $500,000.00.

23. At all times relevant to this Complaint, Defendant Bargain House by Quality Furniture NY Inc. was and is a covered employer within the meaning of the FLSA, 29 U.S.C. § 203(d) and, at all times relevant to this Complaint, employed employees, including Plaintiffs.

24. At all times relevant to this Complaint, Defendant Bargain House by Quality Furniture NY Inc. was and is an employer within the meaning of the 29 U.S.C. 201 *et seq.* and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANT ISSA NASRALLAH**

25. Defendant Issa Nasrallah is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26. Defendant Issa Nasrallah is sued individually and in his capacity as an owner, officer and/or agent of the Corporate Defendants.

27. Defendant Issa Nasrallah possesses or possessed operational control over the Corporate Defendants, or controlled significant functions of the Corporate Defendants.

28. Defendant Issa Nasrallah determined the wages and compensation of employees, including Plaintiffs, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

29. At all times relevant to this Complaint, Defendant Issa Nasrallah was and is an employer within the meaning of the 29 U.S.C. 201 *et seq*. and NYLL Section 190(3), and employed employees, including Plaintiffs.

**DEFENDANTS CONSTITUTE JOINT EMPLOYERS**

30. Defendants own, operate and/or control a furniture business known as "Bargain House by Quality Furniture" located at (i) 381 N. Central Ave., White Plains, NY 10606 (*i.e.,* Bargain House – Westchester); (ii) 110 Rockland Plaza, Space 13A, Clarkstown, NY 10954 (*i.e.,* Bargain House – Rockland Plaza); and (iii) 133-40 79th Street, Howard Beach, NY 11414 ("Bargain House – Howard Beach").

31. The Individual Defendant possesses operational control over the Corporate Defendants, possesses an ownership interest in the Corporate Defendants, and controls significant functions of the Corporate Defendants.

32. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

33. Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to

herein.

34. Defendants jointly employed Plaintiffs, and all similarly situated individuals, and are Plaintiffs' (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

35. In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

36. Upon information and belief, the Individual Defendant operates the Corporate Defendants as either an alter ego of himself, and/or fails to operate the Corporate Defendants as entities legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate the Corporate Defendants as separate and legally distinct entities;

   b. defectively forming or maintaining the Corporate Defendants, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

   c. transferring assets and debts freely as between all Defendants;

   d. operating the Corporate Defendants for his own benefit as the majority shareholders;

   e. operating the Corporate Defendants for his own benefit and maintaining control over them as closed corporations or closely controlled entities;

   f. intermingling assets and debts of their own with the Corporate Defendants;

   g. diminishing and/or transferring assets of the Corporate Defendants to protect his own interests; and

   h. other actions evincing a failure to adhere to the corporate form.

37. At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and NYLL.

38. Defendants had the power to hire and fire Plaintiffs, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiffs' services.

## FACTUAL ALLEGATIONS

*Factual Allegations Pertaining Specifically to Camilo Holguin*

39. Plaintiff Holguin was an employee of Defendants.

40. Plaintiff Holguin worked as a sales representative and general worker at the furniture business known as "Bargain House by Quality Furniture".

41. From approximately June 2021 to, through and including, November 2021 Plaintiff Holguin worked five (5) to six (6) days a week at Bargain House – Westchester as follows: from approximately 10:00 a.m. to 8:00 p.m. (*i.e.,* 10 hours each day), for a total period of approximately 50 to 60 hours during each of the weeks, respectively.

42. From approximately December 2021 to, through and including, June 2022 Plaintiff Holguin worked seven (7) days a week at Bargain House – Rockland Plaza as follows: Monday through Saturday from approximately 10:00 a.m. to 9:00 p.m. or 10:00 p.m. (*i.e.,* 11 or 12 hours each day), and Sundays from 11:00 a.m. to 7:00 p.m. or 8:00 p.m. (*i.e.,* 8 or 9 hours each day) for a total period of approximately 74 to 81 hours during each of the weeks, respectively.

43. From approximately June 2021 to, through and including, November 2021, Defendants paid Plaintiff Holguin a flat salary of $50 per day, plus a commission of 5% on each of Plaintiff Holguin's sales.

44. From approximately December 2021 to, through and including, February 2022,

Defendants paid Plaintiff Holguin a flat salary of $100 per day.

45. From approximately March 2022 to, through and including, June 2022, Defendants paid Plaintiff Holguin a flat salary of $150 per day, plus a commission of 5% on each of Plaintiff Holguin's sales.

46. Defendants failed to pay Plaintiff Holguin any commissions for the last three (3) months of his employment.

47. Defendants' conduct extended beyond Plaintiff Holguin to all other similarly situated employees.

*Factual Allegations Pertaining Specifically to Astrid Coello*

48. Plaintiff Coello was an employee of Defendants.

49. Plaintiff Coello worked as a sales representative and general worker at the furniture business known as "Bargain House by Quality Furniture" located at 456 East 173rd St., Bronx, NY 10457.

50. From approximately January 2022 to, through and including, May 2022 Plaintiff Coello worked seven (7) days a week at Bargain House – Rockland Plaza as follows: Monday through Saturday from approximately 10:00 a.m. to 9:00 p.m. or 10:00 p.m. (*i.e.,* 11 or 12 hours each day), and Sundays from 11:00 a.m. to 7:00 p.m. or 8:00 p.m. (*i.e.,*8 or 9 hours each day) for a total period of approximately 74 to 81 hours during each of the weeks, respectively.

51. From approximately June 1, 2022 to, through and including, June 31, 2022 Plaintiff Coello worked seven (7) days a week at Bargain House – Westchester as follows: Monday through Saturday from approximately 10:00 a.m. to 9:00 p.m. or 10:00 p.m. (*i.e.,* 11 or 12 hours each day), and Sundays from 11:00 a.m. to 7:00 p.m. or 8:00 p.m. (*i.e.,*8 or 9 hours each day) for a total period of approximately 74 to 81 hours during each of the weeks, respectively.

52. From approximately January 2022 to, through and including, June 31, 2022, Defendants paid Plaintiff Coello a flat salary of $150 per day, plus a commission of 5% on each of Plaintiff Holguin's sales.

53. Defendants failed to pay Plaintiff Coello any commissions for the last three (3) months of her employment.

54. Defendants' conduct extended beyond Plaintiff Coello to all other similarly situated employees.

*Factual Allegations Pertaining to Plaintiffs*

55. Plaintiffs and other similarly situated individuals are individuals who have worked for Defendants in similarly-titled, hourly paid position, during the statutory period.

56. Plaintiffs and other similarly situated individuals all shared similar job titles, training, job descriptions and job tasks, during the statutory period.

57. Plaintiffs regularly worked for the Defendants in excess of forty (40) hours a week but never received an overtime premium of one and one-half times their regular rate of pay for those hours.

58. Plaintiffs' wages did not vary regardless of how many additional hours they worked in a week.

59. Plaintiffs were not required to keep track their time, nor to their knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, that accurately reflected their actual hours worked.

60. No notification, either in the form of posted notices, or other means, was ever given to Plaintiffs regarding wages are required under the FLSA or NYLL.

61. Defendant did not provide Plaintiffs a statement of wages, as required by NYLL

195(3).

62. Defendant did not give any notice to Plaintiffs of their rate of pay, employer's regular pay day, and such other information as required by NYLL § 195(1).

63. Defendant's failure to provide accurate wage notices and accurate wage statements denied Plaintiffs their statutory right to receive true and accurate information about the nature of their employment and related compensation policies.

64. Moreover, the breach of the obligations injured Plaintiffs by denying them the right to know the conditions of their compensation and resulted in the underpayment of wages averred above.

## FLSA COLLECTIVE ACTION ALLEGATIONS

65. Plaintiffs brings the First and Second Claims for Relief as a collective action pursuant to FLSA §16(b), 29 U.S.C. §216(b), on behalf of all non-exempt persons (including but not limited to sales representatives, and other general workers) employed by Defendants on or after the date that is three years before filing of the Complaint in this case, as defined herein ("FLSA Collective Plaintiffs").

66. At all relevant times, Plaintiffs and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required overtime wage for all hours worked in excess of forty hours per work week. These claims of the Plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

67. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to under FLSA §16(b), 29 U.S.C. §216(b). The FLSA

Collective Plaintiffs are readily ascertainable. For purpose of notice and others related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants

68. Plaintiffs reserves the right to re-define the FLSA Collective Plaintiffs prior to notice or collective certification, and thereafter, as necessary.

## FIRST CLAIM
**(FLSA – Unpaid Overtime Wages, 29 U.S.C. §§ 201 *et seq*.)**

69. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

70. At all relevant times to this action, Plaintiffs are covered, non-exempt employees within the meaning of the FLSA.

71. Defendants were required to pay Plaintiffs one and one-half (1 1/2) times the regular rate at which Plaintiffs were employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq*.

72. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the FLSA.

73. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs overtime wages.

74. Due to Defendants' willful violations of the FLSA, Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NYLL – Unpaid Overtime Wages)

75. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

76. Plaintiffs are covered, non-exempt employees within the meaning of the NYLL and supporting New York Department of Labor ("NYDOL") Regulations.

77. Under the NYLL and supporting NYDOL Regulations, Defendants are required to pay Plaintiffs one and one half times the regular rate of pay, which shall not be less than the minimum wage, for all hours they worked in excess of forty.

78. Defendants failed to pay Plaintiffs the overtime wages to which they are entitled under the NYLL.

79. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages.

80. Due to Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorney's fees and cost of the action and pre-judgment and post-judgment interest.

## THIRD CLAIM
### (NYLL WTPA– Failure to Provide Wage Notices)

81. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

82. The NYLL and the WTPA require employers to provide all employees with a written notice of wage rates at the time of hire.

83. In violation of NYLL §195 (1), Defendants failed to furnish to Plaintiffs at the time of hiring, or whenever their rate(s) of pay changed, with a wage notice containing the rate or rates

of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL §191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address, if different; the telephone number of the employer, and anything otherwise required by law.

84. Due to Defendants' violations of NYLL §195 (1), Plaintiffs are entitled to recover their liquidated damages, reasonable attorney's fees and cost and disbursement of the action, pursuant to the NYLL §198 (1-b).

## FOURTH CLAIM
### (Violation of the Wage Statement Provisions of the NYLL)

85. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

86. With each payment of wages, Defendants failed to provide Plaintiffs with a statement listing each of the following the dates of work covered by the payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; the number of regular hours worked; the number of overtime hours worked, as required by the NYLL § 195(3).

87. As a result of Defendant's violation of the WTPA, Plaintiffs are entitled to damages of at least $150 per week during which the violations occurred.

## FIFTH CLAIM
### (Breach of Contract)

88. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

89. During the relevant period, Defendant promised Plaintiffs, and all similarly situated employees, that, as part of their compensation, they would receive a commission equal to 5% on each of their sales.

90. From approximately June 2021 to, through and including, November 2021, Defendants paid Plaintiff Holguin a flat salary of $50 per day, plus a commission of 5% on each of Plaintiff Holguin's sales.

91. From approximately March 2022 to, through and including, June 2022, Defendants paid Plaintiff Holguin a flat salary of $150 per day, plus a commission of 5% on each of Plaintiff Holguin's sales.

92. From approximately January 2022 to, through and including, June 31, 2022, Defendants paid Plaintiff Coello a flat salary of $150 per day, plus a commission of 5% on each of Plaintiff Holguin's sales.

93. However, Defendant unjustifiably failed to pay Plaintiffs, their earned commissions for the last three (3) months of their employment (*i.e.,* from April 2022 to, through and including June 2022) as promised and agreed to.

94. Defendants have breached and defaulted under the terms of their employment agreement with Plaintiffs by failing to pay, *inter alia*, Plaintiffs' commissions from April 2022 to, through and including June 2022.

95. Plaintiffs have substantially performed all of their duties and obligations under the employment agreement and, as such, they have and continue to suffer losses and damages as a direct result of Defendants' breach.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs, on behalf of themselves and FLSA Collective Plaintiffs, respectfully requests that this Court enter a judgment:

a. authorizing Plaintiffs at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as nonexempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied minimum wages and premium overtime wages;

b. certification of this case as a collective action pursuant to the FLSA;

c. issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the FLSA Collective Plaintiffs;

d. declaring that Defendants violated the minimum wage provisions of the FLSA, the NYLL and the NYDOL regulations;

e. declaring that Defendants violated the overtime wage provisions of the FLSA, the NYLL and the NYDOL regulations;

f. declaring that Defendants violated the notice statement pay provisions of the NYLL and WTPA;

g. awarding Plaintiffs unpaid minimum wages;

h. awarding Plaintiffs unpaid overtime wages;

i. awarding Plaintiff damages as a result of Defendants' breach of contract;

j. awarding unpaid wages under New York State law for failure to pay timely wages;

k. awarding Plaintiffs liquidated damages in an amount equal to the total amount of wages found to be due;

l. awarding unpaid wages under the NYLL and the New York State contract law;

m. awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage notice pursuant to the NYLL;

n. awarding Plaintiffs pre- and post-judgment interest under the NYLL;

o. awarding Plaintiffs reasonable attorneys' fees and the costs and disbursements of this action; and

    p.    Such other relief as this Court deems just and proper.

Dated: New York, New York
       January 1, 2023

                                  Respectfully submitted,

                                  By: /s/ Joshua Levin-Epstein
                                       Joshua Levin-Epstein
                                       Jason Mizrahi
                                       Levin-Epstein & Associates, P.C.
                                       60 East 42nd Street, Suite 4700
                                       New York, New York 10165
                                       Tel: (212) 792-0046
                                       Email: Joshua@levinepstein.com
                                       *Attorneys for the Plaintiffs and proposed FLSA Collection Action Plaintiffs*