**LEVIN-EPSTEIN & ASSOCIATES**

60 East 42nd Street • Suite 4700 • New York, New York
T: 212.792.0046 • E: Joshua@levinepstein.c

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/2/2023__

<u>*VIA ECF*</u>
The Honorable Analisa Torres, U.S.D.J.
U.S. District Court, Southern District of New York
500 Pearl St.
New York, NY 10007-1312

            Re:    *Holguin et al v. Quality Furniture NY LLC et al*
                  <u>**Case No.: 1:23-cv-00004-AT**</u>

Dear Honorable Judge Torres:

      This law firm represents Plaintiffs Camilo Holguin and Astrid Coello (together, the "Plaintiffs") in the above-referenced matter.

      Pursuant to the directives in Your Honor's January 4, 2023 Order this letter respectfully serves to provide the Court with a status update in the above-referenced action.

      This letter further respectfully serves as a request for an enlargement of time to serve Individual Defendant Issa Nasrallah to, through and including June 1, 2023.

### A. The Court Should Grant a Short Extension of Time to Complete Service on the Individual Defendant

Rule 4(m) provides, in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016) (citing Fed.R.Civ.P. 4(m)).

      Under Rule 4(m), a district court must grant a plaintiff an extension of time for service if the plaintiff demonstrates good cause. *Id*. Even in the absence of good cause, however, district courts have discretion to grant extensions of time to effect proper service. *Id.* (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)); *see also Mares v. United States*, 627 Fed.Appx. 21, 23 (2d Cir. 2015) (summary order) ("Although an extension of time is required when good cause has been shown, a district court has wide latitude in deciding when to grant extensions absent good cause." (internal citation omitted)).

"Good cause is measured against the plaintiff's reasonable efforts to effect service and the prejudice to the defendant from the delay, and the court should look to whether the plaintiff was diligent in making reasonable efforts to effect service." *Id.* (citation omitted).

i. **Good Cause Exists to Extend Plaintiff's Deadline to Serve the Remaining Non-Appearing Defendant**

As of the date of this filing, Defendants Quality Furniture NY LLC, Quality Furniture Inc., and Quality Furniture NY Inc. have been served with the Summons and Complaint. [*See* Dckt. Nos. 11, 16-17, 21].

According to the affidavits of non-service dated March 3, 2023, Plaintiff's process servers attempted to serve the Individual Defendant on March 3, 2023, at the business address located at 381 N. Central Avenue, White Plains, NY 10606.

Plaintiff's process servers are in the process of serving Individual Defendant Issa Nasrallah, at the address listed in the amened summons issues on April 24, 2023. [Dckt. No. 28].

Out of an abundance of caution, it is respectfully requested that the Court extend Plaintiff's deadline to serve the remaining non-appearing Defendants to, through and including, June 1, 2023.

The undersigned intends to proceed with the action once Defendants have appeared, or alternatively, proceed with the filing of a motion for default judgment, in the event of Defendants' continued non-appearance.

B. **Conclusion**

We thank the Court for its attention to this matter, and are available at the Court's convenience to answer any questions related to the foregoing.

Respectfully submitted,

LEVIN-EPSTEIN & ASSOCIATES, P.C.

By: */s/ Jason Mizrahi*

GRANTED.

SO ORDERED.

Dated: May 2, 2023
New York, New York

ANALISA TORRES
United States District Judge