UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAMILO HOLGUIN, ASTRID COELLO, and TOMAZ LASKAWSKI,

                      Plaintiffs,

-v-

QUALITY FURNITURE NY LLC, BARGAIN HOUSE BY QUALITY FURNITURE INC., BARGAIN HOUSE BY QUALITY FURNITURE NY INC., and ISSA NASRALLAH

                      Defendants.

23 Civ. 0004 (AT) (RFT)

**SCHEDULING ORDER
FOR DAMAGES INQUEST**

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

       On January 30, 2024, Judge Analisa Torres issued an Order entering a default judgment as to liability in favor of Plaintiffs and against Defendants. (ECF 67.) By Order of Reference dated January 30, 2024 (ECF 68), Judge Torres referred this case to a Magistrate Judge to conduct an inquest and issue a report and recommendation concerning the amount of damages, if any, that should be awarded to Plaintiffs against Defendants.

       Accordingly, it is ORDERED that:

       1.     Proposed Findings of Fact and Conclusions of Law. No later than **February 23, 2024,** Plaintiffs shall file their Proposed Findings of Fact and Conclusions of Law concerning all damages and other monetary relief permitted in connection with a judgment against Defendants. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes the exact dollar amount of the damages (or other

1

monetary relief) sought, as well as the precise terms of any non-monetary relief sought from Defendants.

2.  Damages. Plaintiffs must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiffs seek actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiffs' request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each such proposed finding. In addition, the Proposed Findings of Fact should demonstrate how Plaintiffs have arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against Defendants.

3.  Jurisdiction. Before a judgment can be entered and damages or other relief can be awarded, even after default, the Court must be satisfied that it has personal jurisdiction over Defendants. *See Sheldon v. Plot Commerce*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *report and recommendation adopted*, No. 15-cv-5885 (CBA) (CLP), 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, No. 09-cv-0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where

there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *report and recommendation adopted*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010). The Court must also be satisfied that it has subject matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter jurisdiction."). Plaintiffs are advised that failure to adequately establish service to Defendants may result in denial of Plaintiffs' request for a damages judgment against Defendants.

4.  Liability. The Court must also be satisfied that the well-pleaded allegations contained in the Complaint, which are taken as true after default, are sufficient to state a claim against Defendants. *See Sheldon*, 2016 WL 5107072, at * 5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."). The Proposed Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the Complaint, that those allegations are sufficient to establish Defendants' liability for each cause of action asserted against them.

5.  Attorneys' Fees. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or

other timekeeper, the date of service, the hours expended, the hourly rate charged (if applicable), and the nature of the work performed. Plaintiffs must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting Plaintiffs' costs and expenses.

6. <u>Service</u>. Prior to filing, Plaintiffs shall serve Defendants by mail at their last known address with Plaintiffs' Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiffs shall file proof of such service along with their Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

7. <u>Opposition</u>. No later than **March 8, 2024**, Defendants shall serve upon Plaintiffs' counsel and file with the Court their responses, if any, to Plaintiffs' Proposed Findings of Fact and Conclusions of Law and supporting materials.

8. <u>Inquest on Written Submissions</u>. The Court hereby notifies the parties that it may conduct the inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the … sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following default judgment against defendant, without an evidentiary hearing). To the extent any party

4

seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

DATED:  February 9, 2024
        New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge