UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Camilo Holguin, Astrid Coello, and Tomaz
Laskawski,

                              Plaintiffs,

                  -against-

Quality Furniture NY LLC, Bargain House by
Quality Furniture Inc., Bargain House by Quality
Furniture NY Inc., and Issa Nasrallah,

                              Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _4/16/2025_

23 Civ. 04 (AT)

**ORDER**

ANALISA TORRES, District Judge:

By order dated January 8, 2025, the Court granted Plaintiffs' motion for a default judgment against Defendants. ECF No. 80. On April 4, 2025, Plaintiffs moved for an order directing JPMorgan Chase Bank, N.A. ("Chase Bank") to turn over the contents of bank accounts belonging to one of the Defendants, Quality Furniture NY LLC ("Quality Furniture"), toward satisfaction of the judgment entered against Defendants. ECF No. 88; *see also* ECF Nos. 89–90. The Court ordered service on Chase Bank and directed Chase Bank to respond to Plaintiffs' motion by April 14. ECF No. 92. The Court has received no response.

Pursuant to Federal Rule of Civil Procedure 69(a)(1), post-judgment efforts to enforce a money judgment "must accord with the procedure of the state where the court is located." *See Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 57 (S.D.N.Y. 2022), *rep. & rec. adopted*, 606 F. Supp. 3d at 37. In New York, the relevant procedure is governed by Article 52 of the Civil Practice Law and Rules, which provides that, "[u]pon a special proceeding commenced by the judgment creditor[] against a person in possession or custody of money or other personal property in which the judgment debtor has an interest," and "where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee," a court "shall require such person to pay the money" to the judgment creditor. N.Y. C.P.L.R. § 5225(b).[1] In sum, § 5225(b) requires a two-step analysis. "First, it must be shown that the judgment debtor 'has an interest' in the property the creditor seeks to reach." *Beauvais v. Allegiance Sec., Inc.*, 942 F.2d 838 (2d Cir. 1991). Second, a court "must find either that the judgment debtor is 'entitled to the

---

[1] Despite the law's use of the term "special proceeding," a judgment creditor may proceed by motion and need not commence such a proceeding so long as the court has personal jurisdiction over the third party in possession of the judgment debtor's property. *CSX Transp., Inc. v. Island Rail Terminal, Inc.*, 879 F.3d 462, 469–70 (2d Cir. 2018). The Court possesses personal jurisdiction over Chase Bank, a national banking association that "maintains a major presence and substantial operations in New York" and whose parent company, JPMorgan Chase & Co., is headquartered in the state. ECF No. 90 ¶ 5; ECF No. 89 at 4; *see Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006); N.Y. C.P.L.R. §§ 301–02.

possession of such property,' *or* it must find that 'the judgment creditor's rights to the property are superior' to those of the party in whose possession it is.'"[2]  *Id.*

Here, Plaintiffs have established that Quality Furniture, the judgment debtor, has an interest in the bank accounts that Plaintiffs, the judgment creditors, seek to reach.  *See* ECF No. 90 ¶ 4; ECF No. 90-2; *Beauvais*, 942 F.2d at 841 ("A debtor obviously has an interest in its own money or property held by a third party . . . .").  Second, the Court finds that Quality Furniture is entitled to the possession of the money in its bank accounts.  *See Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 423 F. Supp. 3d 45, 51 (S.D.N.Y. 2019) (explaining that "the owner of [a] [bank] account . . . is entitled to the possession of the funds within it" (citation omitted)).  Alternatively, Plaintiffs' rights to the bank accounts are superior to those of Chase Bank, which currently possesses the accounts; Plaintiffs obtained a valid judgment against Quality Furniture that has not yet been paid, and Chase Bank has no legal right to the funds in Quality Furniture's accounts.  *See* ECF No. 87; *Fabric Selection, Inc. v. A&T Trading US, Inc.*, No. 20 Misc. 864, 2021 WL 811371, at *6 n.2 (E.D.N.Y. Feb. 5, 2021), *rep. & rec. adopted*, 2021 WL 810340 (E.D.N.Y. Mar. 3, 2021).  Accordingly, the Court determines that a turnover order is warranted.

Plaintiffs' motion is, therefore, GRANTED.  Chase Bank is directed to turn over $5,622.19 and any amounts that continue to accrue in Quality Furniture's bank accounts to Plaintiffs' attorneys, toward satisfaction of the Judgment at ECF No. 87.  By **April 22, 2025**, Plaintiffs shall serve Chase Bank and Quality Furniture with a copy of this order and file proof of service on the docket.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 88.

SO ORDERED.

Dated:  April 16, 2025
        New York, New York

_____
ANALISA TORRES
United States District Judge

---

[2] The judgment creditor must also serve notice of the proceeding upon the judgment debtor "in the same manner as a summons or by registered or certified mail, return receipt requested," N.Y. C.P.L.R. § 5225(b), which Plaintiffs have done, *see* ECF Nos. 91, 93.